

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 6 - 2004

LUTHER D. THOMAS, Clerk
By: F. Pircks Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEROME CALVERT,

Plaintiff,

vs.

JUANITA HICKS; Individually and in her official capacity as Clerk of the Superior Court of Fulton County; TINA ROBINSON, Individually; PHYLLIS BROWN, Individually; and FULTON COUNTY, GEORGIA,

Defendants.

CIVIL ACTION FILE

FILE NO. 1 04 CV 1257

Trial By Jury Demanded JEC

**COMPLAINT**

NOW COMES, Jerome Calvert, Plaintiff herein, and pursuant to 42 U.S.C. §§1983 and 1985, hereby submits his Complaint against the above-named Defendants on the following grounds.

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction over the matter pursuant to 28 U.S.C. §1331 and 1343.

FORMS RECEIVED
Consent To US Mag. ✓
Pretrial Instructions ✓
Title VII NTC

2.

Venue in this district and division is proper under 28 U.S.C. §1391 as the some or all of the Defendants are located in the Northern District of Georgia, Atlanta Division, and the unlawful retaliatory and discriminatory conduct complained of herein occurred in this district and division.

**PARTIES**

3.

Plaintiff Calvert, an African American male, is now and was at all times relevant to this action a citizen of the United States entitled to bring actions of this type and nature..

4.

At all times relevant to this action, Plaintiff Calvert was an employee of Fulton County, Georgia, assigned to the office of the Clerk of the Superior Court of Fulton County.

5.

Defendant JUANITA HICKS, an African American female, at all times relevant to this action held the elected position of Clerk of the Superior Court of Fulton County.

6.

The office of the Clerk of the Superior Court of Fulton County is one of a number of departments within Fulton County Government. In her capacity Clerk of the Superior Court, Hicks is a Fulton County "department head" and "appointing authority". As such, Hicks is the the highest-level policy maker and decision maker within the office of the Clerk. Defendant Hicks is sued both individually and in her official capacity as Clerk. Hicks is subject to the jurisdiction of this court and may be served with a copy of this Complaint and process at 136 Pryor Street, Atlanta, Georgia, 30303.

7.

Defendant Hicks actively participated in and/or approved the decisions and actions complained of herein, and shared, knew of, condoned, ratified, and acquiesced in the unlawfully discriminatory and retaliatory motives underlying said actions.

8.

Defendant Tina Robinson, an African American female, was at all times relevant to this action employed as the Chief Deputy Clerk of the Superior Court of Fulton County, and is a direct subordinate of Defendant Hicks. Robinson is subject to the jurisdiction of this Court and he may be served with a copy of this Complaint

and process at: 136 Pryor Street, Atlanta, Georgia, 30303.

9.

Defendant Robinson actively participated in and/or approved the decisions and actions complained of herein, and shared, knew of, condoned, ratified, and acquiesced in the unlawfully discriminatory and retaliatory motives underlying said actions.

10.

Defendant Phyllis Brown, and African American female, was at all times relevant to this action employed as a management employee within the office of the Clerk of the Superior Court of Fulton County, and is thus a direct subordinate of Defendant Hicks. Brown is subject to the venue and jurisdiction of this Court and he may be served with a copy of this Complaint and process at: 136 Pryor Street, Atlanta, Georgia, 30303.

11.

Defendant Brown actively participated in and/or approved the decisions and actions complained of herein, and shared, knew of, condoned, ratified, and acquiesced in the unlawfully discriminatory and retaliatory motives underlying said actions.

12.

Defendant Fulton County, Georgia is a political subdivision of the State of Georgia and is subject to the jurisdiction of this Honorable Court. Fulton County may be served with a copy of this Complaint and process by serving the Chairman of the Fulton County Board of Commissioners, Karen Handel at her business address of 141 Pryor Street S.W., Suite 10044, Atlanta, Georgia, 30303.

13.

All of the conduct alleged herein occurred under color of state and local law, pursuant to the policy, custom, and usage of Fulton County, Georgia, and/or was accomplished with the approval, ratification, or condonation of Fulton County officials who possessed final policy making and decision making authority with regard to the actions complained of herein.

**FACTUAL ALLEGATIONS**

14.

The position of Clerk of the Superior Court of Fulton County is an elected County position, and has been occupied by Defendant Hicks since 1988.

15.

In or about June of 2002, Lewis Pittman, a white male, announced his candidacy for the position of Clerk of the Superior Court of Fulton County, with the

election to be held during 2004. Pittman thereby became a political rival and opponent of Defendant Hicks, who herself then planned to seek reelection in 2004, and is in fact, now seeking reelection.

16.

Plaintiff Calvert was at the time of Pittman's announcement, an employee of Fulton County, assigned to the office of the Clerk of the Superior Court, then headed by Defendant Hicks.

17.

Soon after Pittman announced his candidacy for the position of Clerk, Plaintiff Calvert and other employees assigned to the office of the Clerk publicly declared their political support for candidate Pittman, and openly and publicly participated in various campaign efforts on Pittman's behalf.

18.

Plaintiff Calvert's political support for and affiliation and association with candidate Pittman was known of by Defendants Hicks, Robinson and Brown, not later than June of 2002.

19.

Defendants Hicks, Robinson and Brown likewise knew, not later than June of 2002, that other employees within the Office of the Clerk were political supporters

of candidate Pittman.

20.

Defendants Hicks, Robinson and Brown, all of whom are black, were infuriated over the decision of Calvert, who is also black, to support Pittman (who is white) over Hicks in the upcoming election. Defendants were likewise infuriated over the decisions of other employees within the Clerk's office to support Pittman rather than to support Hicks.

21.

Defendants Hicks, Robinson and Brown came to an agreement in the Office of the Clerk and elsewhere understanding that they would punish and retaliate against "disloyal" employees who were supporting candidate Pittman, by way of terminating their employment with the County, and/or by creating an egregiously hostile work environment which was so intolerable that such employees would feel compelled to abandon their employment.

22.

In the case of Plaintiff Calvert, Defendants implemented their campaign of retaliatory and discriminatory harassment by way of demeaning and unwelcome transfers and job assignments, bogus, contrived, and pretextual "write-ups" and reprimands, involuntary, unpaid suspensions, and ultimately, involuntary termination

of employment.

23.

Other "disloyal" employees known by Defendants to be supporting rival candidate Pittman were likewise the victims of Defendants' retaliatory animus, and were likewise either involuntarily terminated from employment, or victimized by other forms of retaliation.

24.

The actions described in Paragraphs 21 and 22 were the products of unlawful, race-based discriminatory and retaliatory animus, and were not the product any legitimate, non-discriminatory, non-retaliatory purpose, motive or intent.

25.

The actions described in Paragraphs 21 and 22 were intended to punish Plaintiff and other similarly situated employees for their political support for and affiliation and association with rival political candidate Pittman.

26.

The actions described in Paragraph 22 were based, in part, on Plaintiff's race, African American.

27.

The actions described in Paragraph 22 were based, in part, on Plaintiff's

association with a white person, candidate Pittman.

28.

Defendants, based on clearly established law, knew at the time they committed the acts described herein that such acts were unlawful, and were in direct violation of Plaintiff's First Amendment rights of free speech and association, and his Fourteenth Amendment rights to be free of unlawful race discrimination.

29.

No reasonable public official in Defendants' positions could have, at the time they committed the acts described herein, reasonably believed that such acts were lawful.

30.

Defendants' actions were willful and deliberate, thereby authorizing an award of punitive damages against the individual defendants.

31.

As a result of Defendants' misconduct, Plaintiff has suffered lost wages and benefits of employment.

32.

As a result of Defendants' misconduct, Plaintiff has suffered mental and emotional distress and diminished standing and reputation in the community, and is

entitled to an award of general damages to compensate him for such injuries.

## SUBSTANTIVE ALLEGATIONS

### COUNT ONE: 42 U.S.C. §1983 VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS OF FREE SPEECH AND ASSOCIATION

33.

Defendants' actions in retaliating against the Plaintiff for expressing his political support for candidate Pittman, and for associating with candidate Pittman, constitutes a violation of Plaintiff's First Amendment rights of free speech and association.

### COUNT TWO: 42 U.S.C. §1983 VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO BE FREE FROM RACE DISCRIMINATION

34.

Defendants' actions in transferring Plaintiff, reprimanding Plaintiff, suspending Plaintiff, and ultimately, terminating Plaintiff's employment, based on his race, black, and based on his association with a white person (candidate Pittman) constitute a violation of Plaintiff's rights under the Fourteenth Amendment.

**COUNT THREE: VIOLATION OF 42 U.S.C. 1985**

35.

Defendants conspired to, and did, violate Plaintiff's First and Fourteenth Rights to freedom of speech, association, and to be free from racial discrimination, in violation of 42 U.S.C. §1985.

**WHEREFORE,** PLAINTIFF PRAYS:

(a) that the Defendants be served with a copy of this Complaint and process as provided by law;

(b) that the Plaintiff recover of the Defendants special and general damages as proven at trial;

(c) that Plaintiff recover prejudgment interest;

(d) that the Plaintiff recover punitive damages against the individual defendants;

(e) that the Plaintiff recover his costs and reasonable attorney's fees pursuant to 42 U.S.C. §1988;

(f) that Defendants be temporarily, preliminarily, and permanently enjoined from committing further unlawful acts of retaliation and discrimination;

(g) that Plaintiff be granted a temporary restraining order compelling Defendants to reinstate Plaintiff to his former position of employment;

(h) that the Plaintiff have such further relief as the Court may deem just and proper;

(i) trial by jury

Respectfully submitted this 6th day of May, 2004.

Harlan S. Miller
Georgia Bar No. 506709

MILLER, BILLIPS & ATES, P.C.
730 Peachtree Street
Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)

AO 440 (Rev. 8/01) Summons in a Civil Action

ORIGINAL

# UNITED STATES DISTRICT COURT

NORTHERN District of GEORGIA
(ATLANTA DIVISION)

JEROME CALVERT

V.

JUANITA HICKS; Individually and in her official capacity as Clerk of the Superior Court of Fulton County; TINA ROBINSON, Individually; PHYLLIS BROWN, individually; and FULTON COUNTY, GEORGIA

## SUMMONS IN A CIVIL CASE

CASE NUMBER: 1 04 CV 1257

TO: (Name and address of Defendant)

Fulton County, Georgia
c/o Karen Handel, Chairman of the Fulton County
Board of Commissioners
141 Pryor Street, S.W., Suite 10044
Atlanta, Georgia 30303

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Harlan S. Miller, Esq.
MILLER, BILLIPS & ATES, P.C.
730 Peachtree Street, Suite 705
Atlanta, Georgia 30308
(404) 9694101 (O)

an answer to the complaint which is served on you with this summons, within TWENTY (20) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS
CLERK

MAY 6 - 2004
DATE

J. Pinckney
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# ORIGINAL UNITED STATES DISTRICT COURT

NORTHERN District of GEORGIA
(ATLANTA DIVISION)

JEROME CALVERT

## SUMMONS IN A CIVIL CASE

V.

JUANITA HICKS; Individually and in her official capacity as Clerk of the Superior Court of Fulton County; TINA ROBINSON, Individually; PHYLLIS BROWN, individually; and FULTON COUNTY, GEORGIA

CASE NUMBER: 1 04 CV 1257

TO: (Name and address of Defendant)
Juanita Hicks, Individually and in her official
capacity as Clerk of the Superior Court of Fulton County
136 Pryor Street
Atlanta, Georgia 30303

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)
Harlan S. Miller, Esq.
MILLER, BILLIPS & ATES, P.C.
730 Peachtree Street, Suite 705
Atlanta, Georgia 30308
(404) 9694101 (O)

an answer to the complaint which is served on you with this summons, within TWENTY (20) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS
CLERK

MAY 6 - 2004
DATE

F. Pinckney
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

ORIGINAL

# UNITED STATES DISTRICT COURT

NORTHERN District of GEORGIA
(ATLANTA DIVISION)

JEROME CALVERT

## SUMMONS IN A CIVIL CASE

V.

JUANITA HICKS; Individually and in her official capacity as Clerk of the Superior Court of Fulton County; TINA ROBINSON, Individually; PHYLLIS BROWN, individually; and FULTON COUNTY, GEORGIA

CASE NUMBER: 1 04 CV 1257

TO: (Name and address of Defendant)
Tina Robinson, Individually
Fulton Superior Court
136 Pryor Street
Atlanta, Georgia 30303

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)
Harlan S. Miller, Esq.
MILLER, BILLIPS & ATES, P.C.
730 Peachtree Street, Suite 705
Atlanta, Georgia 30308
(404) 9694101 (O)

an answer to the complaint which is served on you with this summons, within TWENTY (20) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS
CLERK

MAY 6 - 2004
DATE

J. Pinckney
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# ORIGINAL UNITED STATES DISTRICT COURT

NORTHERN District of GEORGIA
(ATLANTA DIVISION)

JEROME CALVERT

## SUMMONS IN A CIVIL CASE

V.

JUANITA HICKS; Individually and in her official capacity as Clerk of the Superior Court of Fulton County; TINA ROBINSON, Individually; PHYLLIS BROWN, individually; and FULTON COUNTY, GEORGIA

CASE NUMBER: 1 04 CV 1257

TO: (Name and address of Defendant)
Phyllis Brown, Individually
Fulton County Superior Court
136 Pryor Street
Atlanta, Georgia 30303

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)
Harlan S. Miller, Esq.
MILLER, BILLIPS & ATES, P.C.
730 Peachtree Street, Suite 705
Atlanta, Georgia 30308
(404) 9694101 (O)

an answer to the complaint which is served on you with this summons, within TWENTY (20) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS
CLERK

MAY 6 - 2004
DATE

J. Pinckney
(By) DEPUTY CLERK